White, J.
The first ground of error relied on is that there was a failure of proof on the part of the plaintiff, under section 133 of the code, and not a variance between the allegations in the petition and the proof, as defined by sections -131 and 132. We regard the case as raising a question of variance merely, within the meaning of the last two sections.
The petition charged that the plaintiff, by the order of his superior, was under a car making repairs; that it was the duty of the defendant, by its agents, to prevent the moving of the car, and otherwise to protect the plaintiff from danger while so working under said car; and that the defendant negligently and wrongfully, by its servants and agents, without any notice to the plaintiff, j>ut the car in motion, whereby the plaintiff was injured.
The negligence charged consisted in the failure to notify the plaintiff of the approaching danger, and in the moving of the car without such notice. Both are alleged to have been operative in causing the injury. It is not definitely stated on what servant the duty rested of giving the plaintiff notice; but, if the purposes of the defense required this to be more specifically *226 ¡stated, application should have been made to the court to com- ] el the plaintiff to make the petition definite and certain in this respect. As the case is presented, we think it comes within the principle laid down on the subject of variance, in Huffman, v. Gordon, 15 Ohio St. 212, 216.
The next ground of error is that the relation of superior and subordinate existing between the foreman, Fox, and the plaintiff below, Lavalley, was not such as would make the company liable for the negligence of Fox in causing the injury in question.
The claim on behalf of the company is that Fox was the superior of Lavalley in all matters connected with the order and manner in which the work upon the cars should be conducted, but in the matter of keeping watch and lookout for danger that no relation of superior and subordinate existed; that in this respect they were merely fellow-servants engaged in a common service, neither having any control or authority over the other.
"We do not concur in this view. It was the duty of the company to make such provision or regulations for the safety of its employees as would afford them reasonable projection from the dangers incident to the performance of their respective duties. ■
In the present case Lavalley, the plaintiff below, was one of a set of hands whose business it was to repair freight cars while standing on the track. The place in which the repairing was required to be done was in the freight yard of the company, in which the freight trains were accustomed to be made up, and where there was a constant switching of cars from one track to another. The services, therefore, required of these hands were peculiarly dangerous; and it was the duty of the company to make reasonable regulations or provision to protect them from the dangers to which they were exposed from moving trains and cars, while engaged in the discharge of their duties.
The hands, under the regulations of the company, were put in the charge of Fox, who, in directing their operations, was ¿lie representative of the company. No other provision or *227 regulation seems to have been made for their government or protection. By setting Lavalley to work under the car, where, by the exercise of reasonable care, he could not discover an approaching train or car in time to save himself from injury, it was the duty of Fox to see that reasonable precautions were taken to guard him against such danger; and for the injury resulting from such neglect the company is liable. Fie might have watched, himself, or, if his services were required in the •car, he might have required one of the other hands to watch; but he did neither, nor did he adopt any other precautions. -
It is said by counsel that if the company is liable to Lavalley, it would likewise have beén liable to Fox, if he had been injured under like circumstances. Such' conclusion is not warranted. Fox had authority to direct what precautions should be taken to guard against danger. He could have required one of the hands to watch while he was engaged in the work. La-valley had no such authority. If Fox had chosen to expose himself to the danger, and had neglected to exercise the authority with which he was invested to protect himself from injury, the fault would have been his own.

Judgment affirmed.